# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBORAH GRAYDEN, et. al,**

**Plaintiffs,**

**v.**                                    **CASE NO. 6:00-CV-888-ORL-22B**

**THE CITY OF ORLANDO, FLORIDA;**
**CODE ENFORCEMENT BOARD FOR**
**THE CITY OF ORLANDO, FLORIDA;**
**and MIKE RHODES, individually,**

**Defendants.**

_____

## INDEX TO REVISED JOINT PROPOSED JURY INSTRUCTIONS
### (with contested charges)

1.    Eleventh Circuit Pattern Jury Instructions, Preliminary Instruction
2.    Eleventh Circuit Pattern Jury Instructions, Basic 1
3.    Eleventh Circuit Pattern Jury Instructions, Basic 2.3
4.    Eleventh Circuit Pattern Jury Instructions, Basic 3
5.    Eleventh Circuit Pattern Jury Instructions, Basic 4.2
6.    Eleventh Circuit Pattern Jury Instructions, Basic 5.1
7.    Eleventh Circuit Pattern Jury Instructions, Basic 6.1
8.    Eleventh Circuit Pattern Jury Instructions, Basic 6.2 (Use instead of Basic 6.1 if the Fair Housing Act claim is submitted to the jury)
9.    Defendants' Proposed Instruction re: Multiple Defendants (contested)
10.   Eleventh Circuit Pattern Jury Instructions, Federal Claim 1.9.1

**Plaintiffs' Proposed Instructions re: Federal Claim - Due Process:**
11.   Claims Against the City of Orlando Code Enforcement Board Regarding the Condemnation Hearing (contested)
12.   Damages (contested)



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DEBORAH GRAYDEN, et. al,**

**Plaintiffs,**

**v.**                                              **CASE NO. 6:00-CV-888-ORL-22B**

**THE CITY OF ORLANDO, FLORIDA;**
**CODE ENFORCEMENT BOARD FOR**
**THE CITY OF ORLANDO, FLORIDA;**
**and MIKE RHODES, individually,**

**Defendants.**

---

## REVISED JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to This Courts' Case management and Scheduling Order of October 2, 2000, Plaintiffs Deborah Grayden, Charles Jackson, Celissa Mervil, Ducace Vilne, Vileine Previl, Carolyn Gude, John McIntosh, Patricia Robotham, Peter Williams, Sandra Freeman, Veronica Gaines, Ladonna May, Tiffany May, Elleen Burwell and Constance Lawrence, and the Defendants, City of Orlando and Code Enforcement Board, by and through their undersigned attorneys, submit their jointly proposed jury instructions, as follows:

## JURY INSTRUCTION NO. 1

**Preliminary Instructions Before Trial**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict, you will decide the disputed issues of fact.  I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision. The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

<u>Transcripts Not Available</u>.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

<u>Exhibits Will Be Available</u>.  On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish,

during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

Note taking - Not Permitted.  A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial. The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner

among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial. [In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.]

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiffs will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief."  When the Plaintiffs finish (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.

The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as

your instruction on the law.   Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.   So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

SOURCE:   Eleventh Circuit Pattern Jury Instructions (2000), Preliminary Instructions

GIVEN:                _____

DENIED:               _____

MODIFIED:            _____

WITHDRAWN:        _____

DATE:                  _____

## JURY INSTRUCTION NO. 2

**Basic Instructions**
**Court's Instructions to the Jury**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions - - what we call your deliberations.

SOURCE:    Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 1

GIVEN:          _____

DENIED:         _____

MODIFIED:       _____

WITHDRAWN:      _____

DATE:           _____

**JURY INSTRUCTION NO. 3**

**Consideration Of The Evidence**
**Duty To Follow Instructions**
**Governmental Entity Or Agency Involved**

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency. In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to

prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  Remember that anything the lawyers say is not evidence in the case.   And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

SOURCE:     Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 2.3

GIVEN:            _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

DATE:             _____

## JURY INSTRUCTION NO.  4

**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

SOURCE:    Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 3

GIVEN:         _____

DENIED:        _____

**MODIFIED:** _____

**WITHDRAWN:** _____

**DATE:** _____

## JURY INSTRUCTION NO. 5

**Impeachment Of Witnesses**
**Inconsistent Statement And Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with

only an unimportant detail.

SOURCE:    Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 4.2

GIVEN:            _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

DATE:             _____

# JURY INSTRUCTION NO. 6

**Expert Witnesses**
**General Instruction**

When knowledge of a technical subject matter might be helpful to the Jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

SOURCE:    Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 5.1

GIVEN:             _____

DENIED:           _____

MODIFIED:        _____

WITHDRAWN:    _____

DATE:              _____

# JURY INSTRUCTION NO. 7

**Burden of Proof**
**When Only Plaintiff has Burden of Proof**

In this case, it is the responsibility of the Plaintiff to prove every essential part of the Plaintiffs' claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

SOURCE:    Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction
                      6.1

GIVEN:              _____

DENIED:           _____

MODIFIED:      _____

WITHDRAWN:   _____

DATE:               _____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

**42 USC § 1983 Claims**
**Due Process Claim**
**Tenant Alleging Deprivation of Due Process in Relation to Loss of Leasehold Interest**

### Claims Against the City for Failing to Provide Notice of Code Violations and Code Enforcement Proceedings

The first aspect of the Plaintiffs' claims is against the City for its failure to notify the Plaintiffs of the March code violations and its failure to notify the Plaintiffs when it filed formal code enforcement cases with the City of Orlando Code Enforcement Board. There are no facts in dispute on this claim. You are instructed that the City violated the Plaintiffs due process rights when it failed to notify the Plaintiffs of the code violations and the code enforcement cases.

The only issue for you to consider on this claim is the issue of Plaintiffs' damages, if any, sustained as a proximate or legal result of the City's violation of the Plaintiffs' constitutional rights.

SOURCE:    *Schroeder v. New York*, 371 U.S. 208, 212 (1962); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983); *DiMassimo v. City of Clearwater*, 805 F.2d 1536, 1539-40 (11th Cir. 1986)

GIVEN:          _____

DENIED:        _____

MODIFIED:    _____

WITHDRAWN:   _____

DATE: _____

**Defendants' Objection to Instruction No. 8:**  This instruction is not an accurate statement of law under the facts and circumstances of this case.  *Flatford v. City of Monroe*, 17 F.3d 162, 167 (6th Cir. 1994).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

**42 U.S.C. §1983**
**Due Process Claim**

**Claims Against the City Regarding the Condemnation**

The Due Process Clause of the Constitution of the United States requires notice and an opportunity to be heard whenever a person is deprived of property by the Government. You are instructed that the Plaintiffs, as residents of Lafayette Square Apartments, had a property interest in living in their apartments. This property interest was protected by the Due Process Clause of the Fifth and Fourteenth Amendments. You are further instructed that the City's condemnation of Lafayette Square Apartments and eviction of the Plaintiffs from their apartments took this property interest away from the Plaintiffs. The Due Process Clause required the City to give the Plaintiffs notice and an opportunity to be heard on the condemnation at a meaningful time and in a meaningful manner. The Plaintiffs claim that the City violated Plaintiffs' rights to due process under the Fifth and Fourteenth Amendments of the Constitution of the United States by not providing adequate notice and an opportunity to be heard on the condemnation of their apartments. The Defendants deny that the Plaintiffs' rights were violated in any way and assert that the Plaintiffs were given adequate notice and an opportunity to be heard before the City of Orlando Code Enforcement Board.

I instruct you that for notice to be adequate, it must inform the Plaintiffs of the basis of the City's condemnation decision and must inform the Plaintiffs of their right to challenge the condemnation decision. In addition, the notice must be provided at a meaningful time. In this case, the City was required to give Plaintiffs notice of their right to challenge the condemnation decision when the City issued the notice to vacate the building.

I further instruct you that the opportunity to be heard on the condemnation must be granted at a meaningful time and in a meaningful manner. Ordinarily, due process requires an opportunity for a hearing prior to the deprivation of a significant property interest. However, in extraordinary situations where some important governmental interest is at stake, the hearing may be postponed until after the event. The emergency evacuation of tenants from a dangerous and potentially life-threatening building qualifies under the Due Process Clause as an extraordinary situation justifying eviction of the tenants without first providing a hearing.

If an emergency situation exists that prevents the tenant from having a hearing before the right to live in the apartment is taken from him, the tenant is entitled to a prompt hearing after the right to live in the apartment is taken from him. The factual issue for you to decide, therefore, is whether the Plaintiffs have proven, by a preponderance of the evidence, that they were denied their due

process rights to notice and a hearing before the right to live in the apartments was taken from them.  If you decide that an emergency existed that prevented a hearing before the right to live in the apartments was taken from the tenants, you will determine whether the tenants were provided a prompt hearing afterwards. Prompt in this case means before the condemnation decision became final as a practical matter.

To prove Plaintiffs' claims against the City and Rhodes, each Plaintiff must prove the following by a preponderance of the evidence:

First: that the Plaintiff was denied notice and an opportunity to be heard on the condemnation because the City either failed to provide notice of the right to challenge the condemnation decision when it issued the notice to vacate or because the City failed to provide a prompt hearing to allow the Plaintiff to challenge the condemnation;

Second: that the actions causing the violations of the Plaintiffs' rights were the result of the City's policy or custom;

If you find for the Plaintiffs and against the Defendant City, you will then consider the issue of Plaintiffs' damages, if any, sustained as a proximate or legal result of the Defendants' violation of the Plaintiffs' constitutional rights.

SOURCE:   *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972); *Greene v. Lindsey*, 456 U.S. 444, 451

(1982); *Lindsey v. Normet*, 405 U.S. 56, 74-79 (1972); *Ward v. Downtown Dev. Auth.*, 786 F.2d 1526, 1528-29 (11th Cir. 1986); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950); *Walker v. City of Huchinson*, 352 U.S. 112, 115 (1956); *Schroder v. City of New York*, 371 U.S. 208, 213 (1962); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978); *Brock v. Roadway Express*, 481 U.S. 252, 264-65 (1987); *Craig v. Carson*, 449 F.Supp. 385, 391 (M.D. Fla. 1978); *Flatford v. City of Monroe*, 17 F.3d 162, 167 (6th Cir. 1994); *Barry v. Barchi*, 443 U.S. 55, 66 (1979); *Grayden v. Rhodes*, 345 F.3d 1225, 1237-8, 1244 (11th Cir. 2003).

GIVEN:        \_\_\_\_\_

DENIED:       \_\_\_\_\_

MODIFIED:    \_\_\_\_\_

WITHDRAWN:   \_\_\_\_\_

DATE:          \_\_\_\_\_

Defendants' Objection to Instruction No. 9:  This instruction is not an accurate statement of law under the facts and circumstances of this case. *Flatford v. City of Monroe*, 17 F.3d 162 (6th Cir. 1994); *Grayden v. Rhodes*, 345 F.3d 1225 (11th Cir. 2003).

## JURY INSTRUCTION NO. 10

**Federal Claims Instructions**
**Miscellaneous Issues Respondeat Superior (Under 42 U.S.C. § 1983)**

Ordinarily, a corporation--including a public body or agency such as the City Of

Orlando or the City of Orlando Code Enforcement Board --is legally responsible for the

acts of its employees carried out in the regular course of their job duties as employees.

This is known in the law as the doctrine of "respondeat superior" which means "let the

superior respond" for any losses or injuries wrongfully caused by its employees in the

performance of their jobs. This doctrine does not apply, however, in a case such as this

where the Plaintiff claims a violation of constitutional rights.

So, in this case, the City Of Orlando or the City of Orlando Code Enforcement

Board can be held liable only if you find that the deprivation of the Plaintiffs'

constitutional rights was the direct result of the City Of Orlando or the City of Orlando

Code Enforcement Board ordinance, regulation, decision, policy, or custom. A

governmental entity is responsible only when an injury is inflicted through the execution

of its policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy. It is not enough merely to show that a City

Of Orlando or City of Orlando Code Enforcement Board employee caused the Plaintiffs'

injury.

(A policy or custom means a persistent, widespread, or repetitious course of

conduct by policy makers with final authority to establish the (City's) policy with respect

to the action ordered. It may be written, or it may be a consistent series of decisions and

actions adopted or approved by the policy makers.)

(A policy or custom means a persistent, widespread or repetitious course of conduct by public employees which, although not authorized by, or which may even be contrary to written law or express municipal policy, is so consistent, pervasive and continuous that the (City) policy makers must have known of it, so that, by their acquiescence, such policy or custom has acquired the force of law without formal adoption or announcement.)

The Court has determined that the (City's) policy makers, within the meaning of this instruction, were the [to be determined by the Court].  Therefore, if you find that the acts of the (official policy maker) deprived the Plaintiff of constitutional rights, the City of Orlando and/or the City of Orlando Code Enforcement Board are liable for such deprivations.

SOURCE:     Eleventh Circuit Pattern Jury Instructions (2000), Federal Claims
            Instructions 1.9.1

GIVEN:              _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

DATE:               _____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

**42 USC § 1983 Claims**
**Due Process Claim**

### Claim against the City of Orlando Code Enforcement Board
### Regarding the Condemnation Hearing

The Plaintiffs' final claim is that the Defendant, City of Orlando Code Enforcement Board, violated the Plaintiffs' constitutional rights under the Fifth and Fourteenth Amendments of the Constitution when it failed to provide Plaintiffs a meaningful hearing regarding the condemnation of their apartments. Plaintiffs claim that it is the policy or custom of the CEB that tenants of Lafayette are not parties to City code enforcement proceedings against their apartments and that it had no authority to review the City's order condemning and vacating Lafayette. In this regard, I instruct you that the Plaintiffs have a due process right to an opportunity to be heard at a meaningful time and in a meaningful manner hearing on the condemnation and order to vacate.

To prove Plaintiffs' claims, each plaintiff must prove the following five things by a preponderance of the evidence:

First: that the plaintiff was a resident of Lafayette Square Apartments;

Second: that the plaintiff was forced to leave Lafayette Square Apartments because of the actions of the City;

Third: that the City give the Code Enforcement Board the responsibility for providing the Plaintiffs a hearing on the condemnation;

Fourth: that the plaintiff was not given a opportunity the contest the condemnation at a meaningful time and in a meaningful manner;

Fifth: that the violations of the Plaintiffs' rights were the result of the CEB's policy or custom.

If you find for the Plaintiffs and against the Defendant CEB, you will then consider the issue of Plaintiffs' damages, if any, sustained as a proximate or legal result of the Defendant CEBs' violation of the Plaintiffs' constitutional rights.

SOURCE:   *Matthews v. Eldridge,* 424 U.S. 319, 333 (1976); *Fuentes v. Shevin,* 407 U.S. 67, 80 (1972); *Greene v. Lindsey,* 456 U.S. 444, 451 (1982); *Lindsey v. Normet,* 405 U.S. 56, 74-79 (1972); *Ward v. Downtown Dev. Auth.,* 786 F.2d 1526, 1528-29 (11th Cir. 1986); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950); *Walker v. City of Huchinson,* 352 U.S. 112, 115 (1956); *Schroder v. City of New York,* 371 U.S. 208, 213 (1962); *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 19 (1978); *Brock v. Roadway Express,* 481 U.S. 252, 264-65 (1987); *Craig v. Carson,* 449 F.Supp. 385, 391 (M.D. Fla. 1978); *Flatford v. City of Monroe,* 17 F.3d 162, 167 (6th Cir. 1994); *Barry v. Barchi,* 443 U.S. 55, 66 (1979).

GIVEN:          _____

DENIED:         _____

MODIFIED:       _____

WITHDRAWN:      _____

DATE:           _____

Defendants' Objection to Instruction No. 11: This instruction is not an accurate statement of law under the facts and circumstances of this case. *Flatford v. City of Monroe*, 17 F.3d 162, 167 (6th Cir. 1994).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

**Damages**

Damages are the proximate or legal result of a wrongful act of another if you find from a preponderance of the evidence that, except for the wrongful act, the damages would not have occurred. A wrongful act may be a proximate or legal cause of damages even though the wrongful act operates in combination with the act of another so long as the wrongful act contributes substantially to producing the damages. You may consider any emotional pain and mental anguish suffered by the Plaintiffs as a result of any additional punishment imposed upon the Plaintiffs as a result of the exercise of constitutional rights. No evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for the injury the Plaintiff has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence; and if you find that the Plaintiffs' damages were minor or slight or negligible in amount, you may award a nominal sum such as $1.00.

SOURCE:   Based upon *Eleventh Circuit Pattern Jury Instructions (Civil Cases)* (1999) at 2.1, "Civil Rights, 42 USC § 1983 Claims, First Amendment Claim, Prisoner Alleging Denial Of Access To Courts."

GIVEN:         _____

DENIED:        _____

MODIFIED:      _____

WITHDRAWN:     _____

DATE:          _____

Defendants' Objection to Instruction No. 12:  Defendants' submit that the issues discussed in this instruction are more accurately presented in Defendants' Proposed Jury Instruction Nos. 19, 20 and 31.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

**§1983 – Due Process Claim**

Plaintiffs bring this lawsuit under Section 1983 of Title 42 of the United States Code.  Specifically, Plaintiffs claim that they were deprived of their property interests without due process in violation of the Fourteenth Amendment of the U.S. Constitution.

Defendants deny that Plaintiffs were deprived of their property interests without due process and claim that sufficient post-deprivation due process was afforded to the Plaintiffs under the exigent circumstances that existed.

SOURCE:     Paragraph No. 168.80 Vol. 3, *Federal Jury Practice and Instructions* (5th Ed.), O'Malley, Grenig and Lee (modified).

GIVEN:          _____

DENIED:         _____

MODIFIED:       _____

WITHDRAWN:     _____

DATE:           _____

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

**§1983 – Fourteenth Amendment**

The federal civil rights act under which Plaintiffs bring this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment to the constitution provides that:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right not to be deprived of his or her property without due process of law.

Section 1983, the federal civil rights statute under which Plaintiffs sue, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

SOURCE:     Paragraph No. 168.90 Vol. 3, *Federal Jury Practice and Instructions*
            (5th Ed.), O'Malley, Grenig and Lee (modified).

GIVEN:          _____

DENIED:         _____

MODIFIED:          _____

WITHDRAWN:         _____

DATE:              _____

Plaintiffs' Objection: This instruction is redundant to those already submitted.  Its inclusion increases the volume of instructions to the Jury and thus tends to obscure the issues for the Jury to decide.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

**Elements of Due Process Claim**

In order to prevail on their due process claims against Defendants, Plaintiffs must prove the following by a preponderance of the evidence:

First:  That Defendants' actions, taken under color of state law, violated Plaintiffs' constitutional right to due process;

Second:  That Defendants acted pursuant to a custom or policy; and

Third:   That Defendants' actions were the proximate or legal cause of damages sustained by Plaintiffs.

The parties have stipulated and agreed that the Plaintiffs, as tenants of Lafayette Square Apartments, had a property interest under Florida law in their tenancies that was protected by the due process clause.   The first issue for your determination, therefore, is whether the Defendants' actions, taken under color of state law, deprived Plaintiffs' of their property interests without due process.

In order to establish that Defendants' actions violated the Plaintiffs' due process rights, the Plaintiffs first must prove that Defendants' acted under color of state law.  A state or local official acts "under color" of the authority of the State not only when he acts within the limits of his lawful authority, but also when the official acts without or beyond the bounds of his lawful authority.  In order for

unlawful acts of an official to be done "under color" of state law, however, the unlawful act must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful act must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

If you find that the Defendants acted under color of state law, then you must determine whether the Plaintiffs have proven that they were deprived of their property interests without due process. Due process in the context of deprivations of property interests requires (1) a hearing to be held (2) before an impartial decision-maker, after (3) adequate notice of the reason for the deprivation, with (4) an opportunity for the individual to present his case. Both the due process hearing, whether provided before or after the deprivation of a property interest, and the notice of that hearing must be reasonable and meaningful with respect to the time and manner in which they occur.

In order to establish a denial of due process in regard to the deprivation of their property interests, the Plaintiffs must prove that they were not provided a hearing that was reasonable and meaningful in time and manner. This is determined by balancing the competing interests involved. Among the factors to be considered in determining whether the hearing was timely and meaningful are

the importance of the protected interest, the length or finality of the deprivation, the risk of government error and the magnitude of the governmental interest.

Although due process ordinarily requires a hearing prior to a deprivation of a property interest, the hearing may be postponed until after the deprivation where exigent or extraordinary circumstances exist.   The law instructs that a prior hearing is not constitutionally required where there is a special need for very prompt action to secure an important public interest and where a government official is responsible for determining, under the standards of a narrowly drawn statute, that it is necessary and justified in a particular instance.  Protecting citizens from an immediate risk of serious bodily harm is considered a valid extraordinary situation that will justify postponing a hearing until after the deprivation.

In addition to proving that they were not provided a hearing that was reasonable and meaningful in time and manner, the Plaintiffs also must prove that they were not provided notice of the hearing that was reasonable and meaningful in time and manner.  You are instructed that the law simply requires that notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.

If you determine that Defendants' actions, taken under color of state law, violated Plaintiffs' constitutional right to due process, then the second issue for your

determination is whether Defendants' actions were taken pursuant to a custom or policy.

In order to establish that Defendants acted pursuant to a custom or policy, the Plaintiffs must prove that the Defendants' actions (1) may be attributed to a decision that was officially adopted by the CITY OF ORLANDO or created by an official of such rank that he or she could be said to be acting on behalf of the CITY OF ORLANDO or (2) constituted a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.

Random acts or isolated incidents are normally not sufficient to show policy or custom. However, municipal liability may be premised on a single illegal act by a municipal officer if it can be proven that the challenged act may fairly be said to represent official policy, such as when that municipal officer possesses final policymaking authority over the relevant subject matter.

If you determine that Defendants' actions, taken under color of state law, violated Plaintiffs' constitutional right to due process and that Defendants acted pursuant to a custom or policy, the last issue for your determination is whether Defendants' actions were the proximate or legal cause of damages sustained by Plaintiffs. For damages to be the proximate or legal result of wrongful conduct, it

must be shown that, except for such conduct, the damages would not have occurred.

Therefore, if the Plaintiffs fail to establish by a preponderance of the evidence that the Defendants, while acting under color of state law and pursuant to a policy or custom, failed to provide Plaintiffs with a post-deprivation hearing and notice thereof that was reasonable and meaningful in time and manner, then your verdict should be for the Defendants.   If you find that the Plaintiffs have established by a preponderance of the evidence that the Defendants, while acting under color of state law and pursuant to a policy or custom, failed to provide Plaintiffs with a post-deprivation hearing and notice thereof that was reasonable and meaningful in time and manner, then you must decide the issue of the Plaintiffs' damages.

SOURCE:   *Craig v. Carson*, 449 F.Supp. 385, 390 (M.D. Fla. 1978) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18, 32 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Flatford v. City of Monroe*, 17 F.3d 162, 167 (6th Cir. 1994); *Greene v. Lindsey*, 456 U.S. 444, 449-450, 102 S.Ct. 1874, 1878, 72 L.Ed.2d 249 (1982)(citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed.865 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1982); *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001); *Gainer v. City of Winter Haven, Fla.*, 134 F.Supp.2d 1295, 1306 (M.D. Fla. 2000) *Denno v. School Bd. of Volusia County, Fla.*, 218 F.3d 1267(11th Cir. 2000); Eleventh Circuit Pattern Jury Instructions, Civil, 2000, Federal Claims Instruction 2.4.1 (modified).

GIVEN:                 _____

DENIED:                _____

MODIFIED:              _____

WITHDRAWN:             _____

DATE:                  _____

Plaintiffs' Objection: Actual damages do not have to be proven to establish a Due Process claim.  *Carey v. Piphus*, 435 U.S. 247, 266 (1978); *Oliver v. Falla*, 258 F.3d 1277, 1280 (11th Cir. 2001).  The instruction does not accurately reflect the requirements of the Due Process Clause for adequacy of notice and an opportunity to be heard.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

**Actual Damages – Due Process**

If you find that Plaintiffs were not provided the necessary due process to which they were entitled, then you must decide the issue of the Plaintiffs damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damage would not have occurred.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less.   Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury— tangible and intangible.  Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an

amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

SOURCE:   Eleventh Circuit Pattern Jury Instructions, Civil, 2000, Federal Claims Instruction 2.4.2 (modified).

GIVEN:            _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

DATE:             _____

Plaintiffs' Objection: This instruction omits language from Eleventh Circuit Pattern Jury Instructions that instruct on the proximate cause of damages caused by the wrongful acts of multiple parties.  *See* Federal Claim Instruction 2.1, Eleventh Circuit Pattern Jury Instructions (2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17

**Nominal Damages – Due Process**

If you find in favor of Plaintiffs with respect to the due process claims, but you find that Plaintiffs' damages have no monetary value, then you must return a verdict for Plaintiffs in the nominal amount of one dollar.

SOURCE:    Paragraph No. 168.141, Vol. 3B, *Federal Jury Practice and Instructions* (5th Ed.), O'Malley, Grenig and Lee (modified).

GIVEN:              _____

DENIED:            _____

MODIFIED:        _____

WITHDRAWN:    _____

DATE:               _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

**Proximate Cause**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

SOURCE:    Paragraph Nos. 168.122 and 169.202, Vol. 3, *Federal Jury Practice and Instructions* (5th Ed.), O'Malley, Grenig and Lee.

GIVEN:              _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

DATE:               _____

Plaintiffs' Objection: This instruction omits language from Eleventh Circuit Pattern Jury Instructions that instruct on the proximate cause of damages caused by the wrongful acts of multiple parties.  This instruction is redundant to those already submitted.  Its inclusion increases the volume of instruction to the Jury and thus tends to obscure the issues for the Jury to decide.  *See* Federal Claim Instruction 2.1, Eleventh Circuit Pattern Jury Instructions (2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19

**Reasonable Damages**

Damages must be reasonable.  If you should find that Plaintiffs are entitled to a verdict, you may award Plaintiffs only such damages as will reasonable compensate Plaintiffs for such injury and damages as you find, from a preponderance of the evidence in the case, that Plaintiffs have sustained as a proximate result of the conduct of the Defendants.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

SOURCE:   Paragraph No. 128.60, Vol. 1, *Federal Jury Practice and Instructions* (5th Ed.), O'Malley, Grenig and Lee.


GIVEN:             _____

DENIED:            _____

MODIFIED:          _____

WITHDRAWN:         _____

DATE:              _____

Plaintiffs' Objection: This instruction is redundant to those already submitted.  Its inclusion increases the volume of instruction to the Jury and thus tends to obscure the issues for the Jury to decide.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20

**Taxes**

In the event that you determine to award Plaintiffs a sum of money, you are instructed that the award is not subject to any deductions for federal or state income taxes.

SOURCE:    Paragraph No. 128.90, Vol. 1, *Federal Jury Practice and Instructions* (5th Ed.), O'Malley, Grenig and Lee.

GIVEN:         \_\_\_\_\_

DENIED:        \_\_\_\_\_

MODIFIED:     \_\_\_\_\_

WITHDRAWN:   \_\_\_\_\_

DATE:          \_\_\_\_\_

Plaintiffs' Objection: This instruction is redundant to those already submitted. Its inclusion increases the volume of instruction to the Jury and thus tends to obscure the issues for the Jury to decide.

## JURY INSTRUCTION NO. 21

**Supplemental Damages Instructions**
**Duty To Mitigate**
**In General**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you should find from a preponderance of the evidence that the Plaintiff [within the limitations of any disability sustained] failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs' damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

SOURCE:     Eleventh Circuit Pattern Jury Instructions (2000), Supplemental
            Damages Instruction 1.1

GIVEN:            _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

DATE:             _____

## JURY INSTRUCTION NO. 22

**Attorneys Fees And Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiffs' damages. [The matter of attorney's fees and court costs will be decided later by the Court.]

SOURCE:    Eleventh Circuit Pattern Jury Instructions (2000), Supplemental Damages Instruction 6.1

GIVEN:          _____

DENIED:       _____

MODIFIED:     _____

WITHDRAWN:   _____

DATE:           _____

## JURY INSTRUCTION NO. 23

**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the Jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

SOURCE:   Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 7.1


GIVEN:              _____

DENIED:          _____

MODIFIED:        _____

WITHDRAWN:       _____

DATE:            _____

## JURY INSTRUCTION NO. 24

**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience. [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

SOURCE:     Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 8

GIVEN:            _____

DENIED:          _____

MODIFIED:       _____

**WITHDRAWN:**      \_\_\_\_\_                         .

**DATE:**               \_\_\_\_\_

F:\REB Cases\Grayden\Trial\Jury Instructions\03-12-01 Joint Jury Instructions.doc